Judge Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR03-5847FDB |
| Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| PAUL HENRY FAUL, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

The United States of America, by John McKay, United States Attorney for the Western District of Washington, and Gregory A. Gruber, Assistant United States Attorney for said District, submits this sentencing memorandum in this case.

Defendant Paul Henry Faul entered a guilty plea to Count 1 of an Information charging him with accessory after the fact in violation of Title 18, United States Code, Section 3 (the underlying offense being Brandon Roemer's possession of an unregistered firearm, to wit: a destructive device (pipe bomb), in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871). The statutory maximum term of imprisonment for being an accessory after the fact is five years and a $125,000 fine. The defendant's applicable imprisonment range under the United States Sentencing Guidelines, as correctly calculated in the Presentence Report, is 10-16 months

imprisonment. As to defendant Faul, this range falls into Zone C, thereby making him eligible for a split sentence.

## II. SENTENCING RECOMMENDATION

As in the case of related case co-defendants Brandon Roemer and Christopher Rietz, the government has wrestled with many competing considerations regarding its sentencing recommendation in this case. Despite the lesser charge to which the defendant pleaded guilty, the government cannot overlook the fact that Mr. Faul participated in the commission of a serious crime in this case -- one that actually caused serious physical injuries to an innocent person.

John Henry Hasty, the father of intended property damage victim James Hasty, was seriously injured after he looked out his window at about 1:00 in the morning and saw smoke pouring from beneath his son's truck. In reaching under the vehicle and successfully removing the burning device, he received second degree burns to one arm and suffered from smoke inhalation. These injuries required treatment at the hospital, and resulted in pain and permanent scarring, and loss of wages due to missing some work. Damage to personal property also occurred when the bomb (partially) detonated beneath James Hasty's vehicle, creating additional but unknown financial losses. Mr. Hasty previously spoke to this Court about the emotional and psychological effects the crime took on himself and his family.

The government believes that defendant Faul and the others involved in this offense did not intend to cause anyone, certainly John Henry Hasty, any physical injuries. But there can be little doubt that: (1) the defendants did intend that the destructive device cause damage to James Hasty's vehicle, and (2) the damage would have been far worse had all of the pipe bombs exploded. Indeed, it is very easy to imagine a far worse outcome if, for example, the burning napalm mixture had spilled on other parts of John Hasty's body as he worked to remove it from under the vehicle,

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

or worse, if one of the unexploded pipe bombs had detonated while John Hasty was reaching under the truck.

The government agrees with defendant Faul that he "screwed up royally" by being involved in the underlying offense and then lying about it. We also note that Faul has admitted to being one of the two people that took the final steps -- literally -- with the bomb. Along with Chris Rietz, it was Paul Faul who carried the pipe bombs to the carport, put the bombs into the napalm-filled cooler, slid all of it under James Hasty's vehicle, and lit the fuse. As such, Faul was in a somewhat unique position of being able to call the whole thing off at the last possible moment. But while he no doubt now wishes that he had, Mr. Faul did nothing to stop the bombing or minimize the harm done after the fact by quickly admitting his and the others' complicity when confronted by the authorities.

On the positive side, the PSR shows no known criminal convictions. Indeed, it appears as though Mr. Faul has had no previous negative contacts with the police.

Taking into account all of the circumstances, however, it does not seem at all unfair that the defendant should serve a short term of incarceration. This is true even when considering the five years' probation sentence given to Brandon Roemer.[1] But defendant Faul's term can and should be less than defendant Rietz received.

In the PSR, the Probation Officer recommends a <u>split sentence of five months in jail and five months (150 days) on home confinement with electronic monitoring</u>. We believe that sentence to be appropriate in this case, especially when considering the sentences already adjudged regarding Rietz and Roemer.

Two things are worth remembering here. Both Rietz and Roemer, though perhaps more culpable, ended up cooperating with authorities. Defendant Faul declined to do so. Second, a split sentence of 10 months represents a huge break from

---

[1] The government did attempt to engage the defendant in a proffer session and explored the possibility of cooperation prior to his guilty plea to the accessory charge, but that session was not fruitful.

Gov't's Sentencing Memorandum/Faul/CR03-5847FDB — 3

what he could have faced in this case. Despite his involvement in the bombing itself, he was allowed to plead to a lesser charge of accessory after the fact, which carried only one-half the maximum statutory of term of imprisonment as the underlying offense. He also got the six-level reduction under § 2X3.1 of the Guidelines for being an accessory, down from the bombing base offense level of 18. Moreover, despite his charged conduct being inherently obstructionist in nature, neither the PSR writer nor the government sought the arguably available two-level upward bump. Thus, all things considered, five months in jail for being involved in an injury-causing bombing and a coverup of that crime, is not a particularly hefty sentence.

The government would oppose any motion by the defense for an aberrant behavior downward departure in this case. First, Mr. Faul's actions were <u>not</u> a spur of the moment dumb decision brought on by a momentary loss of judgment. An aberrant behavior downward departure requires several things, not the least of which are that the offense cannot involve serious injury or have involved the use of a firearm or a dangerous weapon. USSG § 5K2.20. Mr. Hasty's second-degree burns were a serious injury caused by the detonation of a pipe bomb which the law defines as both a "firearm" and a "destructive device" (the latter of which should qualify as a "dangerous weapon").

An aberrant behavior departure should also be limited to an act constituting a "single criminal occurrence or single criminal transaction that (A) was committed <u>without</u> significant planning; (B) was of <u>limited</u> duration; <u>and</u> (C) represents a marked deviation by the defendant from an otherwise law-abiding life." USSG § 5K2.20, comment. (n.1) (emphasis added). Clearly, defendant fails to establish either requirement A or B of Application Note 1.

The bombing was planned over the course of an entire day and night. Rietz and Roemer spent a few hours going to several places around Kelso and Longview to gather the ingredients for the bombs and the napalm mixture. Even assuming that defendant

Faul had no inkling of Rietz and Roemer's plans during their shopping spree, his conduct from the time he admits seeing the bomb in Rietz's garage (shortly after his 10:00 p.m. arrival) spanned well over <u>three</u> hours: piling into a truck and driving to the Hasty residence (while two of them held the bomb and a large cooler full of napalm made primarily of a smelly gasoline mixture), through he and Rietz getting out and setting and lighting the bomb, to all of them driving back to Rietz's house and discussing their alibis and agreeing to a story in case any of them were ever questioned. But that three-hour time span does not include, of course, the <u>six additional days</u> before he was questioned by ATF agents on April 7th and made his false statement that was the basis of his guilty plea in this case. Thus, there <u>was</u> planning involved, and defendant Faul's conduct was <u>not</u> limited in duration.

As to the remainder of the sentence, the nature of this crime suggests that a maximum <u>term of supervised release of three years</u> is appropriate and would be wise. <u>Restitution</u> must also be ordered in this case, and defendant Faul should be jointly and severally liable for the entire amount of <u>$2,791.92</u> (for John Hasty's medical insurance deductible and lost wages from missing work, and to reimburse his insurance company). The relatively minor damage to James Hasty's truck was not professionally repaired, so the PSR does not quantify a dollar loss for it. The government does not seek a fine, but the mandatory <u>penalty assessment of $100</u> should be made due and payable immediately.

///

///

///

///

Gov't's Sentencing Memorandum/Faul/CR03-5847FDB — 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Finally, the government does not object to defendant Faul being allowed to self-surrender for the service of the incarceration portion of his sentence.

Dated this   24th   day of May, 2004.

          Respectfully submitted,

          JOHN McKAY
          United States Attorney


          s/Gregory A. Gruber
          GREGORY A. GRUBER
          Assistant United States Attorney
          1201 Pacific Avenue, Suite 700
          Tacoma, Washington 98402-4305
          Telephone: (253) 428-3808
          Fax: (253) 428-3826
          E-mail: Gregory.A.Gruber@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2004, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Karen Unger, Esq.
332 E. 5th Street
Port Angeles, WA 98362

                                      s/ Gregory A. Gruber
                                      GREGORY A. GRUBER
                                      Assistant United States Attorney
                                      1201 Pacific Avenue, Suite 700
                                      Tacoma, WA 98402-4305
                                      Telephone: (253) 428-3808
                                      Fax: (253) 428-3826
                                      Gregory.A.Gruber@usdoj.gov