AO 245B   (Rev. 3/01) Judgment in a Criminal Case - Sheet 1  (USAO modified 11/20/2003)                                                          GAG/sdn

# UNITED STATES DISTRICT COURT

**WESTERN** District of **WASHINGTON**

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| PAUL HENRY FAUL | Case Number: CR03-5847FDB |
| | Karen Unger |
| | Defendant's Attorney |

FILED / LODGED / RECEIVED   MAY 28 2004   CLERK U.S. DISTRICT COURT   WESTERN DISTRICT OF WASHINGTON AT TACOMA   DEPUTY

**THE DEFENDANT:**

☒ pleaded guilty to count   1 of the Information         (Plea Date: 2/27/04)

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 3 | Accessory after the Fact | 04/07/03 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's DOB: May 9, 1982

Defendant's USM No.: None

Defendant's Residence Address:
941 16th Avenue, Apartment 1
Longview, Washington 98632

Defendant's Mailing Address:
same as above

GREGORY A. GRUBER   /s/ Gregory A. Gruber
Signature of Assistant United States Attorney

May 28, 2004
Date of Imposition of Judgment

/s/
Signature of Judicial Officer

THE HONORABLE FRANKLIN D. BURGESS, United States District Judge
Name and Title of Judicial Officer

5/28/04
Date

03-CR-05847-ORD

Judgment — Page 2 of 6

**DEFENDANT:** PAUL HENRY FAUL
**CASE NUMBER:** CR03-5847FDB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __Five (5)__ Months

☒ The court makes the following recommendations to the Bureau of Prisons:
That defendant serve his confinement at FDC SeaTac, WA.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT: PAUL HENRY FAUL
CASE NUMBER: CR03-5847FDB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

**Three (3)** Years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: PAUL HENRY FAUL
CASE NUMBER: CR03-5847FDB

## ADDITIONAL CONDITIONS OF SUPERVISION

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).   ____ Yes   _XX_ No

3. The defendant shall submit to searches of his person, residence, office, property, storage unit, or vehicle conducted in a reasonable manner and at a reasonable time by a U.S. Probation Officer.

4. The defendant shall participate in the home confinement program with electronic monitoring as directed by his U.S. Probation Officer for a period of 150 days. The defendant shall pay for costs of the program as directed by his U.S. Probation Officer.

5. Restitution in the amount of $2,791.92 is due immediately. Payments in the amount of $100.00 per month are to begin 60 days after defendant's release from prison. At the time of defendant's release, the U.S. Probation Office shall take into consideration the defendant's economic status as it pertains to his ability to pay the restitution ordered and shall notify the Court of any changes that may need to be made to the payment schedule. Interest on the restitution shall not be waived.

6. The defendant shall have no indirect or direct contact with the victims, John and James Hasty.

7. The defendant shall provide his U.S. Probation Officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's federal income tax returns.

DEFENDANT: PAUL HENRY FAUL
CASE NUMBER: CR03-5847FDB

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ -0- | $ 2,791.92 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Mr. John Hasty | $2,791.92 | $630.00 | 22.57% |
| Northwest Labors Insurance | $2,791.92 | $2,161.92 | 77.43% |

| TOTALS | $ 2,791.92 | $ 2,791.92 | |

☐ If applicable, restitution amount ordered pursuant to plea   $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☒ the interest requirement is waived for the   ☒ fine and/or   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: PAUL HENRY FAUL
CASE NUMBER: CR03-5847FDB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid:

- ☒ During the period of imprisonment, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

- ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

- ☐ During the period of probation, in monthly installments amounting to not less than _____ % of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

☒ Special instructions regarding the payment of criminal monetary penalties:

MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

United States District Court Clerk, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party designated to receive restitution specified at page 5 of this Judgment.

*1. The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible.*

*2. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.*

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

U.S. v. Christopher Rietz, CR03-5603FDB: $2,791.92
U.S. v. Shawna Specht, CR03-5846FDB: $2,791.92
U.S. v. Brandon Roemer, CR03-5374FDB: $2,791.92

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

The defendant shall provide his U.S. Probation Officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's federal income tax returns.